UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **B-ALL PARTNERS, LLC** | § | CIVIL ACTION NO. |
| Plaintiff, | § § § | |
| vs. | § § | SECTION: |
| **ZURICH NORTH AMERICA** | § § | MAGISTRATE: |
| Defendant. | § § § | JUDGE: |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff, B-All Partners, LLC (hereinafter "Plaintiff"), who files this Complaint against Defendant, Zurich North America SE (hereinafter "Defendant"), and, in support of their causes of action, would respectfully show the Court the following:

## I.
## THE PARTIES

1. Plaintiff, B-All Partners, is a Louisiana limited liability company owning property in Hardin County, Texas.

2. Defendant, Zurich North America, is foreign insurance company authorized to do and doing business in Hardin County, Texas, which may be served through its agent for service of process: Commission of Insurance, Texas Department of Insurance, Chief Clerk Office, 333 Guadalupe, P.O. Box 149104, Austin, Texas 78714-9104.

## II.
## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Zurich North America because they sold insurance throughout the state of Texas. As such, Defendant has purposefully established "minimum contacts" with the forum state and the exercise of jurisdiction comports with "fair play and substantial justice." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76, 105 S.Ct. 2174, 2183-84 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92, 100 S.Ct. 559, 564 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945).

4. This Court has federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because, on information and belief, there is diversity of citizenship between the Plaintiff and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in Hardin County, Texas, and the property that is the subject of the action is situated in Hardin County, Texas, which is located in this District.

### III.
### FACTUAL BACKGROUND

6. Plaintiff is the owner of five properties ("Properties") located in Hardin County that are covered by a policy of insurance issued by Defendant, policy no. 12256436 (hereinafter "Policy").

7. The Policy insured Plaintiff's properties located at:

   a. 251-1/2 W. Pineshadows Dr., Sour Lake, Texas 77659;

   b. 251 W. Pineshadows Dr., Sour Lake, Texas 77659;

      c.   247 W. Pineshadows Dr., Sour Lake, Texas 77659;

      d.   150 Wood Manor Ln., Sour Lake, Texas 77659; and

      e.   13555 Leaning Oaks Dr., Beaumont, Texas 77713.

8.    On or about November 16, 2018, the properties and the contents therein were damaged by high winds and rain waters.

9.    Plaintiff reported the damage to Defendant shortly thereafter.

10.    Defendant contacted Insurance Claims Adjusters, Inc. (hereinafter "ICA") to inspect the property. On information and belief, ICA inspected the properties on or about January 11, 2019 and prepared an initial report on or about February 19, 2019.

11.    The report prepared by ICA grossly underestimated the value of the damages.

12.    Defendant subsequently dispatched HAAG Engineering on March 27, 2019 to perform a second inspection of the properties.

13.    Defendant's assigned adjuster did not properly adjust the loss resulting in significant underpayment to Plaintiff.

14.    The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all the damages that were observed during the inspection, failed to identify significant damages at the property, and undervalued the damages observed during the inspection.

15.    This inadequate investigation and unreasonable damage estimate led to a significant underpayment of the dwelling portion of Plaintiff's claim.

16.    On or about May 28, 2019 – six months after the claim was filed – Defendant ultimately estimated the total damages to all five properties at $108,539.00 Replacement Cost Value (hereinafter "RCV") and $85,781.32 Actual Cost Value (hereinafter "ACV").

17. Plaintiff subsequently engaged Friday Claims Services, Inc. (hereinafter "FCS"), a Texas licensed public adjuster, to adjust and estimate the damages.

18. FCS estimated the total damages for all five properties at $226,249.06 RCV. This estimate was submitted to Defendant on or about September 13, 2019.

19. Defendant has refused to act on the estimate or otherwise reconsider its position. Defendant has not tendered any further payment on the claim.

## IV.
## CAUSES OF ACTION

### A. BREACH OF CONTRACT

20. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

21. Defendant had a contract of insurance with Plaintiff.

22. Defendant breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiffs were damaged thereby.

23. Defendant breached the terms of the contract by failing to timely communicate with Plaintiff and failing to timely adjust, inspect, and/or reinspect the Properties and Plaintiff was damaged thereby.

### B. BAD FAITH CLAIMS HANDLING – VIOLATIONS OF CHAPTER 541, TEXAS INSURANCE CODE

24. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

25. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

26. Defendant violated Texas Insurance Code Sec. 541.051 by making statements misrepresenting the terms and/or benefits of the policy.

27. Defendant violated Texas Insurance Code Sec. 541.060 by:

     i. Misrepresenting to Plaintiff material facts or policy provisions relating to the coverage at issue;

     ii. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

     iii. Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

     iv. Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and/or

     v. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

28. Defendant violated Texas Insurance Code Sec. 541.061 by:

     i. Making an untrue statement of material fact;

     ii. Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

     iii. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

     iv. Making a material misstatement of law; and/or

     v. Failing to disclose a matter required by law to be disclosed.

29. Defendant knowingly committed the acts complained of herein. Accordingly, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Sec. 541.152(a)-(b).

### C. BREACH OF THE PROMPT PAYMENT OF CLAIMS STATUTE – CHAPTER 542, TEXAS INSURANCE CODE

30. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

31. Defendant failed to pay for the losses and/or follow the statutory guidelines for accepting or denying coverage constituting a violation of Texas Insurance Code, Sec. 542.051 *et seq*.

32. Defendant failed to timely tender payment following notice of its liability under the Policy in violation of Texas Insurance Code, Sec. 542.051 *et seq*.

33. Plaintiff, therefore, is entitled to interest and attorneys' fees as set forth in Texas Insurance Code, Sec. 542.060, in addition to her claim for damages.

### D. BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

34. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

35. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insureds in insurance contracts.

36. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### E. ATTORNEYS' FEES

37. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

38.     Plaintiffs engaged the undersigned attorney to assist in handling Defendant's wrongful denial of claim, including pre-litigation dispute resolution and prosecution of this present action, and agreed to pay reasonable attorneys' fees and expenses.

39.     Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

40.     Plaintiff is also entitled to reasonable and necessary attorneys' fees pursuant to Sections 541.152 and 542.060, Texas Insurance Code.

## V.
## JURY DEMAND

41.     Plaintiff demands a jury trial and tenders the appropriate fee.

## VI.
## CONDITIONS PRECEDENT

42.     All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant or, in the alternative, any presuit notice is impracticable because the claimant has a reasonable basis to believe that there is insufficient time to give any such notice before the limitations period will expire.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Lisa Woodard, prays that, upon final hearing of the case, she recovers all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such

further relief, general or special, at law or in equity, to which Lisa Woodard may show she to be justly entitled.

                                                                            Respectfully Submitted,

THE JOHNS FIRM, LLC

By:    /s/ Tony N. Hernandez
           Tony N. Hernandez
           State Bar No. 24087713
           tony@johnsfirm.com
           Jeremiah N. Johns
           State Bar No. 24108002
           jnjohns@johnsfirm.com
           Blair Brogan
           State Bar No. 24100063
           blair@johnsfirm.com
           1001 Texas Avenue
           Suite 820
           Houston, TX 77002
           713.900.1771 (telephone)
           866.510.2470 (facsimile)

           **ATTORNEYS FOR PLAINTIFF**
           **B-ALL PARTNERS, LLC**